## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff/Garnishor,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.CR-04-92-HE** |
| | ) | |
| **DONALD LEON CHEW, JR.,** | ) | |
| | ) | |
| **Defendant,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **DURLEY AND ASSOCIATES, and its** | ) | |
| **successors or assigns,** | ) | |
| | ) | |
| **Garnishee.** | ) | |

### POST-JUDGMENT
### CONTINUING WRIT OF GARNISHMENT

TO:                      Garnishee
                              Durley and Associates
                              3312 Parker Drive
                              Oklahoma City, OK  73135

REQUESTED BY:      United States of America
                              Ronny D. Pyle
                              Assistant United States Attorney
                              210 West Park Avenue, Suite 400
                              Oklahoma City, Oklahoma  73102
                              (405) 553-8700

ISSUED PURSUANT TO:  28 U.S.C. § 3205

The United States has information indicating that the Garnishee may have

possession, custody or control of property in which Defendant has a substantial non-

exempt interest, **including Defendant's non-exempt disposable income (i.e. wages)**.

Upon application of the Plaintiff, this Writ is issued against the property of

**Donald Leon Chew, Jr.,** defendant, whose last known address is 17121 S.E. 134th, Newalla, OK 74857.

Pending further order of this Court, Garnishee is hereby directed to **withhold and retain** any property[1] in its possession, custody or control in which Defendant has an interest at the time this Writ is served or in which the Defendant may obtain an interest in the future, including Defendant's nonexempt disposable earnings.[2]  If Garnishee fails to withhold property in accordance with this Writ, Garnishee may be held in contempt by the Court or the Court may enter judgment against the Garnishee for the value of Defendant's nonexempt interest in such property, plus a reasonable attorney's fee to the United States.  See 28 U.S.C. §§ 3003(c)(8) and 3205(c)(6).

Within ten (10) days of receiving a copy of this Writ, Garnishee shall file with the Court Clerk a written answer as required by 28 U.S.C. § 3205(c)(4).  Garnishee shall serve a copy of its answer on counsel for the United States, whose address is listed above, and Defendant, whose address is listed below.  See Fed. R. Civ. P. 5 for acceptable methods of service.

If no hearing is requested after the Garnishee files its answer, the Court will enter an Order directing the Garnishee as to the disposition of the Debtor's non-exempt

---

[1]  "Property" includes any present or future interest, whether legal or equitable, in real, personal (including chose in action), or mixed property, tangible or intangible, vested or contingent, wherever located and however held (including community property and property held in trust (including spendthrift and pension trusts)), but excludes –

    (A)    property held in trust by the United States for the benefit of an Indian tribe or individual Indian;  and

    (B)    Indian lands subject to restrictions against alienation imposed by the United States.

28 U.S.C. 3002(12).

[2]  "'Earnings' means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program."  28 U.S.C. § 3002(6).  "'Disposable earnings' means that part of earnings remaining after all deductions required by law have been withheld."  Id. at § 3002(5).  "'Nonexempt disposable earnings' means 25 percent of disposable earnings, subject to section 303 of the Consumer Protection Act, [15 U.S.C. § 1673]."  Id. at § 3002(9).

interest disposable income.  Garnishee shall forward payment each pay period to the U.S. District Court Clerk at 1210 U.S. Courthouse, 200 N.W. 4th Street, Oklahoma City, Oklahoma 73102, until defendant's debt is paid in full or Garnishee no longer has custody or control of any property belonging to Defendant.

This Writ of Garnishment is a continuing writ and it will terminate only by:

(A)    a court order quashing this Writ of Garnishment;

(B)    exhaustion of property in the possession, custody, or control of the Garnishee in which the debtor has a substantial nonexempt interest (including nonexempt disposable earnings), unless the garnishee reinstates or re-employs the judgment debtor within 90 days after the judgment debtor's dismissal or resignation; or

(C)    satisfaction of the debt with respect to which this Writ is issued.

See 28 U.S.C. 3205(c)(10).

To assist the Garnishee with its obligations under this Writ, the following information is provided:

| | |
|---|---|
| Defendant's Name: | Donald Leon Chew, Jr. |
| Defendant's Last Known Address: | 17121 S.E. 134th Newalla, OK  74857 |
| Date of Judgment: | September 10, 2004 |
| Nature of Judgment: | Criminal Judgment |
| Judgment Amount: | $9,430.20 |
| Penalties: | $2,332.55 |
| Interest Accrued to Date: | $160.68 |
| Total Amount Still Owing: | $11,898.43 |

Plaintiff will provide (1) notices and instructions to Garnishee; (2) a sample answer to be used by Garnishee; (3) notices and instructions to Defendant; and (4) a sample claim for exemption and request for hearing to be used by Defendant.

IT IS SO ORDERED.

Dated this 26<u>th</u> day of <u>July</u> 2005.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE